1  TOMIO B. NARITA (SBN 156576)
   tnarita@snllp.com
2  LIANA K. MAYILYAN (SBN 295203)
   lmayilyan@snllp.com
3  SIMMONDS & NARITA LLP
   44 Montgomery Street, Suite 3010
4  San Francisco, CA 94104-4816
   Telephone: (415) 283-1000
5  Facsimile:  (415) 352-2625

6

7  Attorneys for Defendants
   Midland Funding, LLC and
8  Midland Credit Management, Inc.

9
                UNITED STATES DISTRICT COURT
10
               NORTHERN DISTRICT OF CALIFORNIA
11

12  LINDSAY KRESLAKE,                )  CASE NO.: 3:14-cv-01817-EDL
                                     )
13          Plaintiff,               )  **DEFENDANTS MIDLAND FUNDING,**
                                     )  **LLC'S AND MIDLAND CREDIT**
14                                   )  **MANAGEMENT, INC.'S NOTICE OF**
         vs.                         )  **MOTION AND MOTION TO**
15                                   )  **DISMISS PLAINTIFF'S**
                                     )  **COMPLAINT PURSUANT TO**
16  MIDLAND FUNDING, LLC ET AL       )  **F.R.C.P. 12(b)(6); MEMORANDUM**
                                     )  **IN SUPPORT**
17          Defendants.              )
                                     )  Date: June 3, 2014
18                                   )  Time: 9:00 a.m.
                                     )  Crtrm.: E - 15th Floor
19                                   )
                                     )  The Honorable Elizabeth D. Laporte
20  _____ )

21

22

23

24

25

26

27

28

1    TO PLAINTIFF PRO SE AND THE COURT:

2        PLEASE TAKE NOTICE that on Tuesday, June 3, 2014 at 9:00 a.m., or as

3    soon thereafter as the matter may be heard in Courtroom E, 15th Floor of this Court,

4    located at 450 Golden Gate Avenue, San Francisco, California, the Honorable

5    Elizabeth D. Laporte presiding, defendants Midland Funding, LLC and Midland

6    Credit Management, Inc. will and hereby do move this Court for an Order, pursuant

7    to Rule 12(b)(6) of the Federal Rules of Civil Procedure, dismissing the claims

8    against them in the complaint.

9        This motion is made on the grounds that the complaint fails to state facts

10   sufficient to constitute a cause of action against Defendants under the Fair Debt

11   Collection Practices Act, 15 U.S.C. §§ 1692, *et seq*., the California Rosenthal Fair

12   Debt Collection Practices Act, Cal. Civ. Code §§ 1788, *et seq*., or for defamation of

13   character under California Civil Code § 46.

14       The Motion will be based on this Notice of Motion and Motion, the

15   Memorandum of Points and Authorities in Support of the Motion, all of the other

16   papers on file in this action, and such other and further evidence or argument as the

17   Court may allow.

18

19   DATED: April 28, 2014        SIMMONDS & NARITA LLP

20                              TOMIO B. NARITA
                             LIANA MAYILYAN

21

22                By:    s/Liana Mayilyan
                           Liana Mayilyan

23                        Attorneys for Defendants
                       Midland Funding, LLC and

24                        Midland Credit Management, Inc.

25

26

27

28

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.      INTRODUCTION

Plaintiff Lindsay Kreslake ("Kreslake") has sued defendants Midland Funding, LLC, and Midland Credit Management, Inc. (collectively "Midland") for "violations of Rosenthal Act and FDCPA; defamation of character." *See* Complaint, Exhibit A; *see also* Notice of Removal (Doc. No. 1).[1]  The claims are baseless and her complaint must be dismissed because it fails to state a claim upon which relief can be granted.

Kreslake's claims under the FDCPA[2], Rosenthal Act,[3] and for defamation fail because she fails to plead the necessary elements of these claims.  Kreslake's complaint sets forth nothing more than an unsupported allegation that Defendants violated the FDCPA, Rosenthal Act, and California Civil Code § 46.  Consequently, the complaint should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Unless Kreslake can explain how she can plausibly amend the complaint to state a valid claim, the complaint should be dismissed with prejudice and without leave to amend.

---

[1] This is not the first time that Kreslake has asserted these claims against Midland. On or about April 3, 2013, Kreslake filed an identical suit against defendant Midland Credit Management, Inc. in Alameda County Superior Court for "violation of FDCPA 5809 & violations of Rosenthal Act," which was removed to this court. *See Kreslake v. Midland Credit Mgmt., Inc.*, Doc. No. 1 at Ex. A ¶ 3, Case No. 3:13-cv-02080-SI (N.D. Cal.).  After the case was removed, defendant Midland Credit Management, Inc. filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6).  *See id.* Doc. No. 7.  Kreslake failed to file an opposition, and was twice ordered to show cause why the case should not be dismissed for failure to prosecute.  *See id.* Doc. Nos. 15, 17. On September 30, 2013, the Honorable Susan Illston dismissed the action without prejudice for failure to prosecute.  *See* Doc. Nos. 25, 26.

[2]  Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq*. ("FDCPA").

[3]   California Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §§ 1788, *et seq*. ("Rosenthal Act").

---

## II.      ALLEGATIONS OF THE COMPLAINT

Kreslake filed this action in the Superior Court of California, County of Alameda, Small Claims Division, on March 17, 2014, alleging "[v]iolations of Rosenthal Act and FDCPA; defamation of character (California Civil Code 46)," between July 2012 through present.  *See* Doc. No. 1*,* Exhibit A.  She claims that Midland owes her $3,000.  *Id.*  Midland was served on March 24, 2014 and timely removed to this Court on April 21, 2014.  *See id.*  Kreslake sets forth no facts to support her claims in her complaint.

## III.      ARGUMENT

### A.      Legal Standard

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint may be dismissed if it fails "to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  The Federal Rules of Civil Procedure provide little guidance on what a plaintiff must do to "state a claim" for relief, other than Rule 8, which says that a complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." *Id.*

The Supreme Court decisions in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ("*Twombly*"), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ("*Iqbal*") represent a significant shift in the analytical framework that courts must use when evaluating motions to dismiss.  In *Twombly*, the Court expressly rejected the "no set of facts" test that had been articulated in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).  *See Twombly*, 550 U.S. at 562-63.  The Court clarified that although "detailed factual allegations" are not required at the pleading stage, "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555.  The complaint must contain factual allegations, and they "must be enough to raise a right to relief above the speculative level." *Id*.  There must be sufficient facts pled to state a claim to relief that is "plausible on its face." *Id*. at 570.

The Supreme Court refined its analysis even further in Iqbal, reiterating that

Rule 8 requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.  Only a complaint that states "a plausible claim for relief" can survive a motion to dismiss.  *Id*. at 679.  "A claim has facial plausability when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. . . The plausability standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. at 678.  A complaint that contains facts which are "merely consistent with" defendant's liability is not sufficient, because it "stops short of the line between possibility and the plausibility of entitlement to relief." *Id*.  (citations and quotation marks omitted).

The court should not assume the truth of legal conclusions in the complaint. *Id*.  Thus, the first step when evaluating a motion to dismiss is to identify the legal conclusions, because they "are not entitled to the assumption of truth.  While legal conclusions can provide the framework for a complaint, they must be supported by factual allegations." *Id*. at 679.  Next, with respect to any "well-pleaded factual allegations" in the complaint "a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*.  The determination of whether a plausible claim for relief has been stated is "a context-specific task" that requires a court to "draw on its judicial experience and common sense." *Id*.

Dismissal is therefore proper under Rule 12(b)(6) where a court finds either: 1) the lack of a cognizable legal theory; or 2) the absence of sufficient facts alleged under a cognizable legal theory.  *See Johnson v. Riverside Healthcare Sys., L.P.*, 534 F.3d 1116, 1121 (9th Cir. 2008).  As the Ninth Circuit has observed:  "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. United States Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (internal quotation marks omitted).  While *pro se* complaints are

1  entitled to a liberal reading, "a liberal interpretation 'may not supply essential

2  elements of the claim that were not initially pled.'" *Turner v. Smith*, 2013 WL

3  1616443 (N.D. Cal. Apr. 15, 2013) (quoting *Pena v. Gardner*, 976 F.2d 469, 471

4  (9th Cir. 1992)).

5      Kreslake has not pled facts sufficient to support a plausible claim for relief

6  against Midland under the FDCPA, the Rosenthal Act, or for defamation, consistent

7  with the pleading requirements of Rule 8 and the decisions in *Iqbal* and *Twombly*.

8  The complaint must be dismissed.

9
10  **B.    Kreslake Has Failed To Plead The Essential Elements Of An FDCPA Or Rosenthal Act Claim**

11      To state a claim under the FDCPA and Rosenthal Act, a plaintiff must not only

12  identify the applicable section of the statute under which relief is sought, but must

13  allege facts showing that the different elements of the cause of action are satisfied.

14  *See, e.g., Dokumaci v. MAF Collection Servs.*, 2010 WL 2560024, *1 (M.D. Fla.

15  June 17, 2010) ("In order to state a claim under the FDCPA, a plaintiff must show:

16  (1) that he has been subject to collection activity arising from a consumer debt; (2)

17  that the defendant is a debt collector as defined by the FDCPA; and (3) that the

18  defendant has participated in an act or omission prohibited by the FDCPA.").

19  Accordingly, "[t]o state a claim for violation of the Fair Debt Collection Practices

20  Act, a plaintiff must allege, inter alia, that . . . the defendant collecting the 'debt' is a

21  'debt collector' . . . ." *Aquino v. Capital One Fin. Corp.*, 2008 WL 1734752, *1

22  (N.D. Cal. Apr. 14, 2008) (internal quotation marks omitted; ellipses in original); *see*

23  *Dokumaci*, 2010 WL 2560024 at *1.

24      Kreslake's Complaint completely fails to assert that Midland is a "debt

25  collector" within the meaning of the FDCPA or Rosenthal Act.[4]  Nor has Kreslake

26

27      [4]    The FDCPA defines a "debt collector" as "any person who uses any

28  instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect,

alleged that Midland attempted to collect a "debt" within the meaning the FDCPA, or a "consumer debt" within the meaning of the Rosenthal Act,[5] which are elements of each of her FDCPA and Rosenthal Act claims. *See Dokumaci*, 2010 WL 2560024 at *2; *Golden v. Wisconsin Physician's Serv. Health Ins. Corp*., 2010 WL 5289682, **7-8 (E.D. Cal. Dec. 16, 2010) (dismissing Rosenthal Act claim where plaintiff failed to set forth facts suggesting that defendant was debt collector). Further, Kreslake does not identify the specific sections of the FDCPA or Rosenthal Act that were allegedly violated. Consequently, Kreslake's FDCPA and Rosenthal Act claims against Midland must be dismissed.

## C.   Kreslake Has Failed To Plead Facts Sufficient To State A Claim For Defamation

Kreslake's defamation claim must be dismissed for the same reasons. Under California law, to state a claim for defamation (libel or slander), a plaintiff must allege "the intentional publication of a statement of fact that is false, unprivileged, and has a natural tendency to injure or which causes special damage." Cal. Civ. Code §§ 45, 46. In addition, the defamatory statement must be specifically identified, and the plaintiff must plead the substance of the statement. *See Jacobson v. Schwarzenegger,* 357 F. Supp. 2d 1198, 1216 (C.D. Cal. 2004).

In her complaint, Kreslake merely states, "defamation of character (California Civil Code 46)." Complaint (Doc. No. 1) at ¶ 3. She has wholly failed to identify

---

directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). Similarly, the Rosenthal Act defines a "debt collector" as "any person who, in the ordinary course of business, regularly, on behalf of himself or herself or others, engages in debt collection." Cal. Civ. Code § 1788.2(c).

[5] For purposes of the FDCPA, a "debt" is "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes . . . ." 15 U.S.C. § 1692a(5). The Rosenthal Act contains a similar definition. *See* Cal. Civ. Code § 1788.2(e, f).

the allegedly defamatory statement made by Midland or any other facts supporting each element of her claim for defamation.  The claim must be dismissed.

## IV.     **CONCLUSION**

For the foregoing reasons, Midland  respectfully requests that the Court issue an Order dismissing the complaint, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Unless Kreslake demonstrates in advance that she can amend her complaint to state a valid claim, the complaint should be dismissed with prejudice.


DATED: April 28, 2014                    SIMMONDS & NARITA LLP
                                         TOMIO B. NARITA
                                         LIANA K. MAYILYAN

                                   By:   s/Liana K. Mayilyan
                                         Liana K. Mayilyan
                                         Attorneys for Defendants
                                         Midland Funding, LLC and
                                         Midland Credit Management, Inc.

1  TOMIO B. NARITA (SBN 156576)
   tnarita@snllp.com
2  LIANA K. MAYILYAN (SBN 295203)
   lmayilyan@snllp.com
3  SIMMONDS & NARITA LLP
   44 Montgomery Street, Suite 3010
4  San Francisco, CA 94104-4816
   Telephone: (415) 283-1000
5  Facsimile:  (415) 352-2625

6

   Attorneys for Defendants
7  Midland Funding, LLC and
   Midland Credit Management, Inc.

8

9                 UNITED STATES DISTRICT COURT

10               NORTHERN DISTRICT OF CALIFORNIA

11

12  LINDSAY KRESLAKE,                 )   CASE NO.: 3:14-cv-01817-EDL
                                      )
13              Plaintiff,            )   **PROOF OF SERVICE**
                                      )
14                                    )
                                      )
15       vs.                          )
                                      )
16  MIDLAND FUNDING, LLC AT AL        )
                                      )
17              Defendants.           )
                                      )
18                                    )
                                      )
19  ─────────────────────────────     )

20

21

22

23

24

25

26

27

28

# PROOF OF SERVICE

I, the undersigned, declare:

I am employed in the City and County of San Francisco, California.  I am over the age of eighteen years and not a party to this action.  My business address is 44 Montgomery Street, Suite 3010, San Francisco, California 94104-4816.

I am readily familiar with the business practices of my employer, Simmonds & Narita LLP, for the collection and processing of correspondence by mailing with the United States Postal Service and that said correspondence is deposited with the United States Postal Service that same day in the ordinary course of business.

On this date, I served a copy of the following documents:

1)   **DEFENDANTS MIDLAND FUNDING, LLC'S AND MIDLAND CREDIT MANAGEMENT, INC.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO F.R.C.P. 12(b)(6)**

2)   **[PROPOSED] ORDER GRANTING MOTION TO DISMISS**

by causing such documents to be placed in a sealed envelope for collection and delivery by the United States Postal Service to the addresses indicated below:

**VIA U.S. MAIL**

Lindsay Kreslake
1491 Cypress Drive, #1622
Pebble Beach, CA 93953

Lindsay Kreslake
3031 Fulton
Berkeley, CA 94705

*Plaintiff in Pro Per*

I declare under penalty of perjury that the foregoing is true and correct. Executed at San Francisco, California on this 28th day of April, 2014.

_____
Liana K. Mayilyan